90 N.J. Super. 82 (1966)
216 A.2d 254
JACK T. SANDS, PETITIONER-APPELLANT,
v.
BOARD OF EXAMINERS OF ELECTRICAL CONTRACTORS, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1965.
Decided January 18, 1966.
*83 Before Judges GAULKIN, LABRECQUE and BROWN.
*84 Mr. Morton I. Greenberg argued the cause for appellant.
Mr. Richard Newman, Deputy Attorney General, argued the cause for respondent (Mr. Arthur J. Sills, Attorney General of New Jersey, attorney; Mr. Peter J. Schwartz, Deputy Attorney General, on the brief).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Petitioner Jack T. Sands appeals from a final decision of the Board of Examiners of Electrical Contractors (Board), entered November 4, 1964, which determined that, as an electrical contractor, as defined in N.J.S.A. 45:5A-2, he was required either to acquire a license or employ a licensed electrical contractor to perform electrical work on his behalf.
The facts are not in dispute. Petitioner is a builder. Since 1949 he has constructed approximately 12 houses on lots owned by him. All but one were built for speculation, petitioner intending their eventual sale. In each case he performed the electrical work himself. When sold, each house was contracted for as a unit, with no separate delineation of electrical costs.
The present controversy was precipitated when an electrical inspector for the underwriters declined to make future inspections of petitioner's work on the ground that he was not licensed under the statute. Such inspection is necessary before a public utility will "tie in" service. Petitioner was unable to secure a license under the "grandfather clause" of the act, N.J.S.A. 45:5A-10.
While petitioner was held not to be in violation as to work done before July 1, 1963 (the effective date of the statute), the Board ruled that a license was required for all future electrical work on houses constructed by petitioner for resale.
We are satisfied that the foregoing activities of petitioner were not covered by the licensing requirements of the statute in question and that the determination of the Board of Examiners must be reversed.
*85 The statute N.J.S.A. 45:5A-9(a) provides that:
"On or after July 1, 1963, no person shall enter into, engage in or work in business as an electrical contractor for hire, unless such person has secured a business permit and such person or an officer, partner or employee who is or will be actively engaged in the business for which a business permit is sought has obtained a license from the board in accordance with the provisions of this act. * * *" (Emphasis added)
An electrical contractor is defined in the statute as "a person who engages in the business of contracting to install, erect, repair or alter electrical equipment for the generation, transmission or utilization of electrical energy." N.J.S.A. 45:5A-2. Certain types of electrical work are exempted from its application and the Board is vested with power to exempt from the business permit provision "activities of like character which in the board's opinion warrant exclusion from the provisions of this act." N.J.S.A. 45:5A-18. Under this clause the Board has ruled that no permit or license is required where a homeowner does electrical work on his own residence since he does not qualify as an electrical contractor.
We are not here concerned with petitioner's qualifications. The sole question presented is whether, by personally performing the electrical work incident to the construction of homes intended for resale, on lots owned by him, petitioner engaged in the business of electrical contracting as defined in the statute. We hold that he did not.
In the absence of an explicit indication of some special meaning, the words of a statute are to be given their ordinary and well understood meaning. Safeway Trails, Inc. v. Furman, 41 N.J. 467, 478 (1964). The ordinary meaning of a statute becomes particularly important where it has penal provisions, for it is not to be presumed that the Legislature intended punishment to extend further than expressly stated. 2 Sutherland, Statutory Construction (3d ed. 1943), § 3303; State v. Mundet Cork Corp., 8 N.J. 359, 365 (1952). In construing a statutory provision we are required to give effect to the overriding plan or purpose of the Legislature as fairly *86 expressed in its language. O'Rourke v. Board of Review, 24 N.J. 607, 610 (1957).
It would require an extraordinary exercise in logic, and considerable disregard of the ordinary meaning of language, to equate the eventual entry into a contract for the sale of a house with engaging in the business of electrical contracting for hire. Not many men undertake singlehandedly, as does petitioner, to construct a home and we are satisfied that the language used was generally intended to reach the more typical category of electricians who hire out either to general contractors or to individual homeowners. To hold otherwise would require us to accord a strained construction to language deliberately selected by the Legislature as evidential of its intention.
The conclusions thus reached render unnecessary consideration of the remaining ground raised by petitioner.
Reversed.