94 N.J. Super. 66 (1967)
226 A.2d 755
THE STATE OF NEW JERSEY, PLAINTIFF,
v.
FRANK CANNON, SR., DEFENDANT.
Superior Court of New Jersey, Middlesex County Court, Law Division.
Decided February 1, 1967.
*68 Mr. Philip L. Strong for defendant (Messrs. Strong, Strong and Gavarny, attorneys).
Mr. Peter J. Schwartz, Assistant Prosecutor, for plaintiff (Mr. Edward J. Dolan, Prosecutor).
HALPERN, A.J.S.C. (temporarily assigned).
This proceeding involves the construction of motor vehicle statutes which were amended in 1966, and has resulted in conflicting decisions by municipal magistrates in construing them.
The facts are not in dispute. Defendant was convicted of driving while under the influence of intoxicating liquor 17 years ago, a violation under N.J.S.A. 39:4-50 as it then existed. Recently he was charged and convicted of driving while his ability was impaired by the consumption of alcohol, under N.J.S.A. 39:4-50(b), which statute was approved June 18, 1966 and became effective on September 18, 1966.
The municipal magistrate considered the conviction 17 years ago as being defendant's first violation under N.J.S.A. 39:4-50(b) and imposed a penalty on the present charge as if it were a second violation. He fined defendant $100 plus costs, and revoked his driver's license for a period of two years. Defendant admits his guilt but argues that the magistrate erred in imposing sentence.
The issue is clear-cut. Should the conviction which occurred 17 years ago be considered as the first conviction under subsection (b) of the statute, and the present conviction as the second in order to impose the greater penalty? I submit it cannot. In reaching this conclusion I have considered all the statutes dealing with this subject matter, including N.J.S.A. 39:4-50(a) and (b) as amended in 1966, and the so-called implied consent law, N.J.S.A. 39:4-50.2 et seq., which were adopted at the same time. All *69 these statutes, dealing with driving while under the influence, impaired driving, implied consent and presumptions arising from drunkometer examinations, are in pari materia and have to be considered together in arriving at the intent of the Legislature in adopting the amendments.
One of the Legislature's goals was to create an offense known as "impaired driving," which was to be of a lesser degree of seriousness than an offense of driving while under the influence. This is obvious by the difference in penalties provided for each offense (N.J.S.A. 39:4-50(a) and (b)), and the difference in presumptions due to the quantity of alcohol in the blood (N.J.S.A. 39:4-50.1 and 39:4-50.6).
I am fully aware that courts will have to decide what standards, other than alcohol in the blood, to use in determining whether a person is under the influence or whether his driving is impaired. Since the statutes are otherwise silent, a body of law establishing appropriate guidelines will have to be built up, on a case-by-case basis.
It is sufficient in this case to hold that the magistrate erred in sentencing this defendant as a second offender under N.J.S.A. 39:4-50(b). In the first place, subsection (b) was non-existent when defendant was convicted 17 years ago, and permitting such conviction to be used to increase the punishment under a subsequently enacted statute would be ex post facto and invalid. Secondly, and putting aside the ex post facto applicability, I find that the Legislature intended different criteria to be proved for convictions under subsections (a) and (b), and did not contemplate inter-changing convictions under (a) and (b) when imposing punishment as a second offender. Thus, a defendant may only be punished as a second offender under (b) if he was previously convicted under (b)  and the same is true if (a) is involved.
I point out, however, that a person charged with driving while under the influence (N.J.S.A. 39:4-50(a)) may, if the facts warrant it, be acquitted of that charge but be convicted as a first or a second offender, as the case may *70 be, under N.J.S.A. 39:4-50(b). This is so because the offense proscribed under (b) is lesser in degree than the offense proscribed in (a) but is included within it.
Therefore, since the defendant has pled guilty to the charge of impaired driving under N.J.S.A. 39:4-50(b), I impose the following penalty upon him as a first offender: a fine of $50 plus the $5 costs assessed below, plus $7.75 costs of this court, and revoke his license for a period of six months.
The prosecutor will present an appropriate order.