95 N.J. Super. 19 (1967)
229 A.2d 682
STATE OF NEW JERSEY, PLAINTIFF,
v.
LEVI DAVIS, DEFENDANT.
Superior Court of New Jersey, Union County Court, Law Division.
Decided April 26, 1967.
*20 Mr. Raymond S. Londa, Assistant Prosecutor, for plaintiff (Mr. Leo Kaplowitz, Union County Prosecutor, attorney).
Mr. Nathan A. Schanerman and Mr. Herbert Blaustein, for defendant (Messrs. Schanerman and Schanerman, attorneys).
KWALICK, J.C.C.
Is defendant a first or second offender within the intendment of N.J.S.A. 39:4-50[1] which interdicted drunken driving? The degree of punishment hinges on the answer.
Defendant was charged with commission of that offense on June 2, 1966 and pronounced guilty in the municipal *21 court and, on appeal, after a trial de novo in this court. He had not been previously convicted in New Jersey. However, four years ago he was similarly accused and convicted in Pennsylvania.
The magistrate deemed the Pennsylvania incident "a previous violation," adjudged defendant a second offender, and invoked the mandatory penalty: three months' imprisonment and forfeiture of driving privileges for ten years. His ruling, supported by the observation that "An inebriate behind the wheel is just as dangerous on the highway * * * whether his first conviction was in a sister state or New Jersey", while laudable lacks legislative as well as judicial sanction.
Absent a resolvent reported decision by the courts of this State, resort is had to those of other tribunals.
In State v. Cardin, 102 N.H. 314, 156 A.2d 118 (Sup. Ct. 1959), it was held that a prior Massachusetts conviction of operating a motor vehicle while under the influence of intoxicating liquor could not be considered a first or prior offense in determining whether a second or subsequent similar offense was committed in New Hampshire.
The leading case in point, followed in Cardin, is People v. Pardee, 202 Misc. 238, 117 N.Y.S.2d 515 (Cty. Ct. 1952), affirmed without opinion, 282 App. Div. 735, 122 N.Y.S.2d 902 (App. Div. 1953), affirmed on further appeal without opinion, 306 N.Y. 660, 116 N.E.2d 495 (Ct. App. 1953); 24B C.J.S. Criminal Law "Place of Former Conviction", § 1960(4), p. 458 (1962); 7 Am. Jur.2d Automobiles and Highway Traffic, § 262, p. 814 (1963); 1 A.L.R.2d Later Case Service 550 (1965), supplementing Annotation, "What constitutes former `conviction' within statute enhancing penalty for second or subsequent offense," 5 A.L.R.2d 1080 (1949).
Pardee had been convicted in Connecticut of driving while drunk. Thereafter he was charged with a like offense in New York whose laws denounced as a misdemeanor, the operation of a motor vehicle by an intoxicated person, and as a felony *22 such operation by a previously convicted intoxicated person. A felony indictment was returned and Pardee moved to dismiss. In granting the motion the trial court held (117 N.Y.S.2d, at p. 517): "If the quoted statute be intended to prescribe a penalty by reason of a prior conviction in another state, that end should be accomplished by an act of the Legislature expressing such an intent and not by judicial interpretation."
Defendant in Thorp [ad] v. State, 96 Okla. Crim. 135, 250 P.2d 66 (Crim. Ct. App. 1952), pleaded guilty in Texas to drunken driving in that state and two months later was arrested for a similar offense in Oklahoma. Under Oklahoma's statute an intoxicated driver of a motor vehicle "on any highway within this State" is "deemed guilty of a misdemeanor for the first offense" and "guilty of a felony" upon conviction of a second offense "under the provisions of this Act." Thorp was convicted as a second offender. The appellate court reversed and directed that the matter proceed "as for commission of a misdemeanor and under a properly prepared information deleting the Texas conviction therefrom."
The pertinent language of the first paragraph of N.J.S.A. 39:4-50 (and of the 1966 amendment  see note 1, supra), "A person who operates a motor vehicle while under the influence of intoxicating liquor * * *," is not followed by the words "on or over any highway of this or any other state" or others of similar import. The second paragraph reads: "A person who has been convicted of a previous violation of this section[2] need not be charged as a second *23 offender in the complaint * * *." (Emphasis added) The statute does not say that the "previous violation" may be one committed outside this State, or that a "subsequent violation" in this State may be predicated on a prior conviction in another jurisdiction.
Although, as previously noted, there is no reported New Jersey case precisely in point, our courts have enunciated legal principles consonant with those of sister tribunals applicable here.
State v. Laird, 25 N.J. 298, 302 (1957), holds that a "subsequent" violation of the subject section "[c]oncerns a punitive offense, quasi-criminal in nature; and there is the same regard here as in strictly criminal cases for the essential civil rights and liberties designed to secure the individual against arbitrary action."
In construing the subject statute to determine the legislative intent, time-tested guides were observed and statutes in pari materia considered. Loboda v. Clark Township, 40 N.J. 424, 435 (1963); State v. Cannon, 94 N.J. Super. 66, 68-69 (Law Div. 1967).
Since it lacks explicit indication of some special meaning, the language of the statute under consideration is accorded its ordinary and easily comprehended meaning. Safeway Trails, Inc. v. Furman, 41 N.J. 467, 478 (1964); Sands v. Board of Examiners of Electrical Contractors, 90 N.J. Super. 82, 85 (App. Div. 1966). This is increasingly important where, as here, the statute is penal in nature and requires strict construction.
"[A] statute shall not be extended by tenuous interpretation beyond the fair meaning of its terms lest it be applied to persons or conduct beyond the contemplation of the Legislature." State v. Carbone, 38 N.J. 19, 24 (1962); State v. Provenzano, 34 N.J. 318, 322 (1961).
"[I]t is not to be presumed that the Legislature intended punishment to extend further than expressly stated." Sands v. Board of Examiners of Electrical Contractors, supra, 90 N.J. Super., at p. 85. In the absence of express statute, *24 conviction under the laws of another state can have no effect by way of penalty beyond the limits of the state in which the judgment is rendered. People v. Pardee, supra, 117 N.Y.S.2d, at p. 517, citing Logan v. United States, 144 U.S. 263, 304, 12 S.Ct. 617, 36 L.Ed. 429, 443 (1892).
It does not affirmatively appear that the Legislature intended the prior conviction to be one pronounced in any state other than New Jersey. "[O]ur courts should not decree forfeitures or penalties here because of violations of the criminal laws of another state." Statutes should be given such construction as favors life and liberty. Pardee, 117 N.Y.S.2d, at p. 517. Defendant cannot be convicted as for a subsequent violation on the basis of a prior conviction of driving while intoxicated in another state. 7 Am. Jur.2d, § 262, p. 814 (1963).
The subject statute has been in effect at least since 1921 and amended from time to time, most recently in 1966. It is reasonable to assume that our Legislature was aware of the posed problem and would have so provided had it been the legislative will to base a later conviction in this State on a previous one in another jurisdiction.
In the Habitual Criminal Act, N.J.S. 2A:85-8, 9 and 12, and the Uniform Narcotic Drug Law, N.J.S.A. 24:18-47, the Legislature expressly authorizes imposition of more severe penalties for offenses committed in this State after conviction of a comparable crime or crimes in another state or jurisdiction. Like provision could have been easily made to apply to multiple drunken driving offenses.
It is determined, therefore, that the Legislature intended that the prior as well as the subsequent violation shall have been committed in this State and that conviction in another state followed by violation here does not constitute the latter a "subsequent violation" or brand the accused a "second offender" so as to justify imposition of the more severe mandatory penalty prescribed by N.J.S.A. 39:4-50 or its 1966 amendment.
Defendant is adjudged a first offender.
NOTES
[1] Controlling here, notwithstanding supersession on September 17, 1966 by L. 1966, c. 141, § 1, now N.J.S.A. 39:4-50 (a), the language of which, insofar as applicable to this matter, is similar to N.J.S.A. 39:4-50.
[2] Attorney General's memorandum opinion P-10 (1955), rendered the Director of Motor Vehicles reads, in part:

"The question whether a conviction of drunken driving in another state is a first offense, as this term is used in R.S. 39:4-50, is a matter for judicial determination. While there is no authority directly in point in this State, we point out that R.S. 39:4-50 specifies that a person who has been convicted of a `previous violation of this section' need not be charged in the complaint as a second offender. In addition, as an established rule of construction, penal statutes must be strictly construed."