109 N.J. Super. 9 (1970)
262 A.2d 45
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CARL SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 9, 1970.
Decided February 18, 1970.
*10 Before Judges KILKENNY, LABRECQUE and LEONARD.
Mr. Edward Hannigan, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney; Mr. Bruce Ira Goldstein, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. David S. Baime, Assistant Prosecutor, argued the cause for respondent (Mr. Joseph P. Lordi, Essex County Prosecutor, attorney).
*11 The opinion of the court was delivered by LEONARD, J.A.D.
Defendant appeals from a denial of post-conviction relief.
On May 19, 1966 defendant, with the assistance of assigned counsel, pleaded guilty to an accusation which charged defendant with assault with intent to rob. On June 16, 1966, counsel being present, he was sentenced to a seven to nine-year term in State Prison. Immediately, upon the imposition of sentence, defendant challenged the maximum sentence of nine years, stating that he "understood from the Probation Department, the charge only calls for 5-7." Upon interrogation by the court defendant conceded that this information was given to him after he entered his plea. The sentencing judge declined to reduce the sentence and also denied defendant's application to withdraw his plea of guilty.
Defendant argues that before his guilty plea was entered he should have been informed of the maximum sentence that could lawfully have been imposed upon him. Since it was not, he contends that he should have been permitted to withdraw his plea. This point lacks merit.
R.R. 3:5-2(a), in effect at the time defendant pleaded and was sentenced, mandated that a guilty plea shall not be accepted unless the court first determines that the plea is made "voluntarily with understanding of the nature of the charge." (Emphasis added). R. 3:9-2, effective September 8, 1969, requires that the court first determine that the plea is made "voluntarily with understanding of the nature of the charge and the consequences of the plea * * *." (Emphasis added). Both rules also require that a defendant must complete and sign Criminal Procedure Form 13A before the acceptance of a guilty plea. That form contains, among others, the following question, "Do you understand that the trial judge may impose such sentence as in his discretion he considers appropriate subject to the limits prescribed by law?" The addition contained in R. 3:9-2 was inserted to *12 make explicit that which was implicit before, i.e., that the defendant knew that upon the entry of his plea, the trial judge may impose such sentence as he considers appropriate "subject to the limits prescribed by law." See State v. Deutsch, 34 N.J. 190, 201 (1961); 1969 Revision of Rules Gann Law Book ed., Tentative Draft Comment to R. 3:9-2, at 272.
R.R. 3:5-2(a) did not make it mandatory that the sentencing court, before accepting defendant's guilty plea, inform him of the specific limits of the maximum sentence prescribed by the law for the offense to which he pleaded. It only required that he be told that the judge may impose an appropriate sentence "subject to the limits prescribed by law." While we do not find it necessary to determine whether R. 3:9-2 mandates that a defendant be so informed, we suggest that he will be even more fully advised of the "consequences of his plea" if the prescribed maximum sentence is disclosed by the judge accepting the plea.
Here, defendant's lawyer was present with him at both the plea and the sentence. The trial judge, before accepting defendant's guilty plea and again before imposing sentence, fully interrogated defendant and his counsel to make certain that defendant knowingly executed form 13A and fully understood the nature of the charge and his offer to plead guilty thereto. The judge advised defendant on both occasions that upon acceptance of the offered plea the judge might impose "such sentence as in his discretion he considers appropriate, subject to limits prescribed by law." Defendant made no inquiry as to the maximum term. Since the alleged misinformation as to that term was not received by him until after he had pleaded guilty, he did not rely upon it in entering his plea. Under all the circumstances, we conclude that defendant's guilty plea was voluntarily and knowingly entered and the trial court correctly denied his application to withdraw the same. See State v. Herman, 47 *13 N.J. 73, 78-79 (1966). Thus, a remand to the trial court is unnecessary.
Defendant's contention that he was denied due process of law since he was not represented by counsel at his arraignment at which he entered a plea of not guilty, is patently frivolous. State v. Vogel, 45 N.J. 400, 404-405 (1965).
Judgment affirmed.