186 N.J. Super. 386 (1982)
452 A.2d 715
STATE OF NEW JERSEY, PLAINTIFF,
v.
JOHN GARCIA, DEFENDANT.
Superior Court of New Jersey, Law Division Hudson County.
Decided October 4, 1982.
Genise Teich, Assistant Prosecutor for plaintiff (Harold J. Ruvoldt, Jr., Hudson County Prosecutor, attorney).
*387 Thomas Kilcoyne, Assistant Deputy Public Defender for defendant (Joseph H. Rodriguez, Public Defender, attorney).
STERN, J.S.C.
Defendant has pled guilty to third degree burglary, N.J.S.A. 2C:18-2, and is awaiting sentencing. He has been convicted of one or more nonindictable offenses[1] but has never been convicted of a crime. The question for consideration is whether the "presumption" against imprisonment applies when defendant's prior convictions are only for nonindictable offenses which may have followed disposition without the assistance of counsel.
N.J.S.A. 2C:44-1(e) provides:
The court shall deal with a person convicted of an offense other than a crime of the first or second degree, who has not previously been convicted of an offense, without imposing sentence of imprisonment unless, having regard to the nature and circumstances of the offense and the history, character and condition of the defendant, it is of the opinion that his imprisonment is necessary for the protection of the public under the criteria set forth in subsection a. (N.J.S.A. 2C:44-1(a))
Thus, a first offender convicted of an offense other than a crime of the first or second degree is entitled to the "presumption" against imprisonment.[2] Compare N.J.S.A. 2C:44-1(d). The "presumption" does not apply to a person who has "previously been convicted of an offense...." An "offense" includes a disorderly persons or petty disorderly persons offense. See N.J.S.A. 2C:1-14(k); State v. Kates, 185 N.J. Super. 226 (Law Div. 1982); see, also, N.J.S.A. 2C:44-4(a), (b). Accordingly, the issue is whether a prior uncounselled conviction for a nonindictable *388 offense can constitute a prior "offense" so as to make the "presumption" inapplicable.
In New Jersey an indigent defendant charged with a nonindictable offense is not entitled to the assignment of counsel unless he is subject to a custodial sentence or other consequence of magnitude. Rodriguez v. Rosenblatt, 58 N.J. 281 (1971); R. 3:27-2[3]. New Jersey affords greater protection to a defendant than required by the Federal Constitution in this regard, see Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972). While Scott held that an uncounselled misdemeanor conviction is constitutionally valid if the defendant is not incarcerated and that counsel did not have to be assigned merely because imprisonment was an authorized penalty, the United States Supreme Court subsequently made clear that an uncounselled misdemeanor conviction cannot be used to enhance punishment. Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980). In Baldasar the Supreme Court held that an uncounselled misdemeanor conviction could not be used to convert a subsequent misdemeanor into a felony for purposes of sentence enhancement.
There was no majority opinion in Baldasar. However, Justice Marshall, joined by two members of the court, thought it "plain that petitioners' prior uncounselled misdemeanor conviction could not be used collaterally to impose a term of imprisonment upon a subsequent conviction." 446 U.S. at 226, 100 S.Ct. at *389 1587, 64 L.Ed.2d at 173-174. The same two justices who joined Justice Marshall also concurred with Justice Stewart's conclusion that Baldasar could not be "sentenced to an increased term of imprisonment only because he had been convicted in a previous prosecution in which he had not had the assistance of appointed counsel in his defense." 446 U.S. at 224, 100 S.Ct. at 1586, 64 L.Ed.2d at 173 (emphasis in original). Justice Blackmun concurred separately.
Under N.J.S.A. 2C:44-1(e) the prior nonindictable conviction neither requires nor permits enhanced punishment. It merely makes the "presumption" against imprisonment inapplicable.[4] As a result, Baldasar is distinguishable. But that distinction is not controlling because those convicted of nonindictable offenses without counsel are subject to different treatment than those assisted by counsel at the time of their prior nonindictable conviction. See Baldasar v. Illinois, supra, 446 U.S. at 226, 100 S.Ct. at 1587, 64 L.Ed.2d at 174 (Marshall, J. concurring, fn. 1); United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Thus, the principle of enhancement must be applied here, and the "presumption" against imprisonment must apply if an indigent defendant's prior convictions are exclusively for nonindictable offenses for which he was not assisted by counsel.[5] However, if defendant claims that a prior nonindictable conviction was without counsel, he will have the burden, for sentencing purposes, of proving that fact to the satisfaction of the court. See N.J.S.A. 2C:1-13(d); accord, Kitchens v. Smith, 401 U.S. 847, 848, 91 S.Ct. 1089, 28 L.Ed.2d 519, 521 (1971): United States v. Tucker, supra.; Loper v. Beto 405 U.S. 473, 479, 92 S.Ct. 1014, 1017, 31 L.Ed.2d 374, 379 (1976) (fn. 6; burden on impeachment); see, also, State v. Lueder, 74 N.J. 62 (1977); *390 State v. Miscavage, 62 N.J. 294, 300-301 (1973); State v. Koch, 118 N.J. Super. 421, supp. 119 N.J. Super. 184 (App.Div. 1972). Otherwise, the prior nonindictable conviction will be deemed to be counselled and the "presumption" shall not apply. See N.J.S.A. 2C:44-4.
NOTES
[1] The disposition of two complaints downgraded to charge "nonindictable" offenses is not indicated in the presentence report. Those matters will be the subject of a further report from the probation department before sentencing.
[2] This is not a "presumption" relating to an element of the offense, N.J.S.A. 2C:1-13(e), and is called "presumption" herein only because of the "presumption" applicable to those convicted of first and second degree crimes. See N.J.S.A. 2C:44-1(d). See, also, Evid.R. 13-15. State v. Sobel, 183 N.J. Super. 473 (App.Div. 1982).
[3] In New Jersey, indigent persons charged with offenses carrying potential imprisonment of six months or more (i.e., crimes) are entitled to the assistance of the Public Defender. See N.J.S.A. 2A:158A-5; N.J.S.A. 2C:1-4(a); R. 3:27-1. Compare N.J.S.A. 2C:1-4(b); N.J.S.A. 2A:158A-5.2 (unfunded); R. 3:27-2. If a "misdemeanor" carries maximum incarceration of six months or less, the matter is treated as a disorderly persons offense. N.J.S.A. 2C:1-4(c). In Illinois a "misdemeanor" has a maximum potential for incarceration of one year and is not a mere "petty offense." However, that distinction, for purposes of right to counsel, does not control in this case given the analysis, citations and discussions in Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980).
[4] Compare the aggravating factor in N.J.S.A. 2C:44-1(a)(6).
[5] Of course, there is an exception where waiver or ability to retain counsel is indicated, See e.g., Baldasar v. Illinois, supra., 446 U.S. at 229, 100 S.Ct. at 1589, 64 L.Ed.2d at 175 (Marshall, J., concurring at fn. 3)