STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. MICHAEL CROMWELL, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued June 6, 1984—Decided June 21, 1984.

---

[4]We have not been supplied with a copy of the order granting summary judgment, however, all parties agree that there was such an order and it is called for in the oral opinion of the Assignment Judge placed on the record on September 16, 1983, and is also referred to in a supplemental order to amend the complaint to add parties defendant dated September 27, 1983. We will, therefore, not require further documentation.

Before Judges MATTHEWS, J.H. COLEMAN and GAUL-KIN.

*Kevin G. Roe* argued the cause for appellant (*Lucianna, Bierman & Stillman, P.A.*, attorneys).

*Steven E. Braun*, Assistant Prosecutor, argued the cause for respondent (*Joseph A. Falcone*, Passaic County Prosecutor, attorney; *Margaret Ann F. Mullins*, Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

GAULKIN, J.A.D.

Defendant was convicted in the Little Falls Municipal Court of driving while on the revoked list in violation of *N.J.S.A.* 39:3-40. He was sentenced to a 90 day county jail term and fined $500 and his driving license was suspended for 5 years. He was again convicted on his *de novo* appeal to the Law

Division; that court imposed a $500 fine and a license suspension of 2 years.[1]  On this appeal from the Law Division judgment defendant seeks to reduce the term of his license suspension because "the courts below erred in sentencing defendant ... as having been under a suspension issued pursuant to *N.J.S.A.* 39:4–50."

Defendant, who holds a New Jersey driver's license, was convicted in New York of drunk driving.  Based on that conviction, his license was suspended in New Jersey on September 9, 1982 pursuant to the Interstate Driver License Compact, *N.J. S.A.* 39:5D–1 *et seq.*  The present offense occurred on October 18, 1982.  Defendant acknowledges that he violated *N.J.S.A.* 39:3–40, but contends that he was not subject to the enhanced penalties imposed by that statute for a violation committed "while under a suspension issued pursuant to *R.S.* 39:4–50."

*N.J.S.A.* 39:3–40 prohibits driving by any person to whom a driver's license has been refused or whose license has been suspended or revoked and fixes penalties for driving despite the prohibition.  As of the date of defendant's violation, the statute also provided:

> Notwithstanding paragraphs a. through e., any person violating this section while under a suspension issued pursuant to *R.S.* 39:4–50 shall be subject upon conviction to a fine of $500.00, imprisonment in the county jail for 90 days, and an additional suspension of the license to operate a motor vehicle for a period of 5 years.

Following defendant's municipal court conviction and before his Law Division hearing, that portion of the statute was amended to read as follows:

> Notwithstanding paragraphs a. through e., any person violating this section while under a suspension issued pursuant to *R.S.* 39:4–50, upon conviction, shall be fined $500.00, shall have his license to operate a motor vehicle suspended for an additional period of not less than one year nor more than two years, and may be imprisoned in the county jail for not more than 90 days.

---

[1]Defendant had already served the custodial sentence imposed by the municipal court.

We are satisfied that defendant's violation of *N.J.S.A.* 39:3–40 occurred while he was "under a suspension issued pursuant to *R.S.* 39:4–50." The Interstate Compact describes it as the policy of "each of the party States" to:

(1) Promote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles.

(2) Make the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the over-all compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party States.

*N.J.S.A.* 39:5D–4(a) implements those policies by providing that, with respect to a conviction in a party State [2] for driving while intoxicated (*N.J.S.A.* 39:5D–4(a)(2)), New Jersey

... for the purpose of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported ... as it would if such conduct had occurred in [New Jersey].

As required by that provision, defendant was subjected to the mandatory license suspension of *N.J.S.A.* 39:4–50 following his New York drunk driving conviction.[3] The conclusion is unavoidable that his violation of *N.J.S.A.* 39:3–40 occurred while he was "under a suspension issued pursuant to *R.S.* 39:4–50." That the enhanced penalties of *N.J.S.A.* 39:3–40 are thus triggered is entirely consistent with the statutory language and design. Moreover, we find no merit in defendant's contention that the two year suspension ordered by the Law Division was inappropriate or excessive.

---

[2] New York is a party to the Interstate Compact. *N.Y. Veh. & Traf.Law* § 516 (McKinney 1970).

[3] The Director of the Division of Motor Vehicles also has administrative authority to revoke or suspend the license of a driver convicted of drunk driving in any State, whether or not a party to the Interstate Compact. *N.J.S.A.* 39:5–30; *Tichenor v. Magee,* 4 *N.J.Super.* 467 (App.Div.1949); *N.J.A.C.* 13:19–11.-1.

To the extent that it may be read as inconsistent with our conclusion, *State v. Davis*, 95 *N.J.Super.* 19 (Law Div.1967), is expressly disapproved.

The judgment of conviction is affirmed.