209 N.J. Super. 596 (1986)
508 A.2d 1149
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOHN REGAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1986.
Decided May 2, 1986.
*598 Before Judges MICHELS, DEIGHAN and STERN.
David Hoffman argued the cause on behalf of appellant.
Margaret Ann F. Mullins, Assistant Prosecutor, argued the cause on behalf of respondent, Special Deputy Attorney General, Acting Assistant Prosecutor, (Joseph F. Falcone, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by STERN, J.S.C., temporarily assigned.
Defendant appeals his conviction for driving while intoxicated (N.J.S.A. 39:4-50) and contends that it was error to sentence him as a third offender. Specifically, he argues that his prior conviction in New York for driving while impaired should not have been considered as a prior offense for purposes of the enhanced penalties provided for a third offender. He further contends that since he was not represented by counsel when he pleaded guilty in New York, it was constitutionally impermissible to use that conviction to impose an enhanced sentence of imprisonment. Defendant also argues that the State of New Jersey was "estopped" from sentencing him as a third offender *599 in view of the fact that he was treated as a first offender in New York.
We disagree with defendant's principal contentions but, for the reasons set forth in Point IV of our opinion, vacate the conviction for driving while intoxicated and remand for further proceedings.[1]

I
On February 5, 1985 defendant entered his guilty pleas in the Haledon Municipal Court. On motion of the prosecutor, a charge of driving while his license was suspended (N.J.S.A. 39:3-40), occurring simultaneously on November 5, 1984, was merged into the charge of driving under the influence. On March 19, 1985 defendant appeared before the municipal court judge for sentencing. The prosecutor represented that defendant had two prior convictions within the last ten years for driving while intoxicated, one on November 22, 1981 in West Paterson, New Jersey, and the other on July 28, 1982 in the state of New York. The question arose as to whether the New York conviction should be considered and whether defendant could be sentenced as a third offender. Defendant submitted a letter from the court clerk for the Town of Blooming Grove, New York, indicating that he was arrested in that town on July 28, 1982 and charged with driving while intoxicated, and that on January 25, 1983 he pleaded guilty to driving while impaired. See N.Y.Veh. & Traf.Law, §§ 1192(1) and (3) (McKinney Supp. 1986). He was sentenced to pay a fine of $250 and to a 60-day suspension of his New York driving privileges. The clerk further indicated that defendant "was not represented in court by an attorney."
*600 The municipal judge in the case concluded that the New York conviction should be considered and that defendant was therefore a third offender under N.J.S.A. 39:4-50. Accordingly, on the conviction for driving while intoxicated, he sentenced defendant to the Passaic County Jail for 180 days, suspended his license for ten years and imposed a fine of $1,000, a surcharge of $100 and $25 court costs.
The Law Division on trial de novo found that defendant was a third offender and imposed the same sentence. The judge relied on State v. Cromwell, 194 N.J. Super. 519 (App.Div. 1984), which held that a defendant was subject to the enhanced penalty for driving while under a license suspension, pursuant to N.J.S.A. 39:4-50, where his underlying conviction for drunk driving leading to the suspension occurred in New York.
Defendant subsequently moved before the New York court to vacate his guilty plea entered in that state on the ground that he was not represented by counsel at the time the plea was entered. The presiding justice denied defendant's motion for the following reasons:
The Defendant originally sought an adjournment for the purpose of retaining an attorney. That adjournment was granted. He chose to proceed without an attorney after several requests for further adjournments were granted. He should not now be permitted to withdraw his plea of guilty on the grounds that he was not represented at that time.

II
Defendant, relying on State v. Davis, 95 N.J. Super. 19 (Cty. Ct. 1967), contends that he should not have been treated as a third offender since he had only one previous conviction under N.J.S.A. 39:4-50 in New Jersey.
N.J.S.A. 39:4-50(a) provides that "A person who operates a motor vehicle while under the influence of intoxicating liquor ... shall be subject" to certain enumerated penalties. The actual penalty depends on the number of prior convictions, if any. N.J.S.A. 39:4-50(a)(3), now reads as it provided on November 5, 1984, and states:

*601 For a third or subsequent violation, a person shall be subject to a fine of $1,000.00, and shall be sentenced to imprisonment for a term of not less than 180 days, except that the court may lower such term for each day, not exceeding 90 days, served performing community service in such form and on such terms as the court shall deem appropriate under the circumstances and shall thereafter forfeit his right to operate a motor vehicle over the highways of this State for 10 years.
N.J.S.A. 39:4-50(a) further provides, in part:
A person who has been convicted of a previous violation of this section need not be charged as a second or subsequent offender in the complaint made against him in order to render him liable to the punishment imposed by this section on a second or subsequent offender, but if the second offense occurs more than 10 years after the first offense, the court shall treat the second conviction as a first offense for sentencing purposes and if a third offense occurs more than 10 years after the second offense, the court shall treat the third conviction as a second offense for sentencing purposes. [Emphasis added.]
In State v. Davis, supra, the defendant was convicted for violating N.J.S.A. 39:4-50 on June 2, 1966. Four years previously he had been convicted of a similar offense in Pennsylvania, but he had no prior convictions in New Jersey. The court disagreed with the municipal court's decision to sentence defendant as a second offender. The court interpreted language in N.J.S.A. 39:4-50, as it then provided, as follows:
The pertinent language of the first paragraph of N.J.S.A. 39:4-50 (and of the 1966 amendment ..., `A person who operates a motor vehicle while under the influence of intoxicating liquor * * *,' is not followed by the words `on or over any highway of this or any other state' or others of similar import. The second paragraph reads: `A person who has been convicted of a previous violation of this section need not be charged as a second offender in the complaint * * *' (Emphasis added.) The statute does not say that the `previous violation' may be one committed outside this State, or that a `subsequent violation' in this State may be predicated on a prior conviction in another jurisdiction. [95 N.J. Super. at 22-23 footnote omitted.]
The Davis court noted that the statute had been amended and that the Legislature could easily have provided, as it had with respect to other crimes, that the enhanced penalty applied to convictions for a similar offense in other jurisdictions. Id. at 24. Thus, concluding that the statute should be accorded a strict construction, the court stated that:
... the Legislature intended that the prior as well as the subsequent violation shall have been committed in this State and that conviction in another state *602 followed by violation here does not constitute the latter a `subsequent violation' or brand the accused a `second offender' so as to justify imposition of the more severe mandatory penalty prescribed by N.J.S.A. 39:4-50 or its 1966 amendment.
Defendant is adjudged a first offender. [Ibid.]
By L. 1966, c. 73, § 1, this State enacted the Driver License Compact, N.J.S.A. 39:5D-1 et seq., which became effective on January 1, 1967. L. 1966, c. 73, § 7. That compact, to which New York is also a signatory, N.Y.Veh. & Traf.Law, § 516 (McKinney 1970), expresses the policy behind it as follows:
(b) It is the policy of each of the party States to:
(1) Promote compliance with the laws, ordinances, and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles.
(2) Make the reciprocal recognition of licenses to drive and eligibility therefor more just and equitable by considering the over-all compliance with motor vehicle laws, ordinances and administrative rules and regulations as a condition precedent to the continuance or issuance of any license by reason of which the licensee is authorized or permitted to operate a motor vehicle in any of the party States. [N.J.S.A. 39:5D-1(b)]
In line with this policy, N.J.S.A. 39:5D-4 provides, in pertinent part, that:
(a) The licensing authority in the home State, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III [N.J.S.A. 39:5D-3] of this compact, as it would if such conduct had occurred in the home State, shall apply the penalties of the home State or of the State in which the violation occurred, in the case of convictions for:
* * * * * * * *
(2) Driving a motor vehicle while under the influence of intoxicating liquor.... [Footnote omitted.]
In State v. Cromwell, supra, defendant was convicted of driving while on the revoked list, contrary to N.J.S.A. 39:3-40. That statute prohibits a person whose license has been revoked from operating a motor vehicle during the period of revocation, and fixes the penalties for violating the section. It provides increased penalties for subsequent violations. At the time Cromwell committed the offense, the statute also provided:
Notwithstanding paragraphs a. through e., any person violating this section while under a suspension issued pursuant to R.S. 39:4-50 shall be subject upon *603 conviction to a fine of $500.00, imprisonment in the county jail for 90 days, and an additional suspension of the license to operate a motor vehicle for a period of 5 years. [N.J.S.A. 39:3-40.]
Cromwell had been convicted of drunk driving in New York and, as a result, had his license suspended in New Jersey pursuant to the Interstate Driver License Compact. The question was whether defendant was properly held subject to the enhanced penalties provided for persons "violating this section while under a suspension issued pursuant to R.S. 39:4-50." N.J.S.A. 39:3-40; 194 N.J. Super. at 521.
We concluded that by virtue of N.J.S.A. 39:5D-4(a), embodying provisions of the Interstate Compact, "defendant was subjected to the mandatory license suspension of N.J.S.A. 39:4-50 following his New York drunk driving conviction." Id. at 522 (footnote omitted). We stated that "The conclusion is unavoidable that his violation of N.J.S.A. 39:3-40 occurred while he was `under a suspension issued pursuant to R.S. 39:4-50.' That the enhanced penalties of N.J.S.A. 39:3-40 are thus triggered is entirely consistent with the statutory language and design." Ibid. Significantly, we added that "To the extent that it may be read as inconsistent with our conclusion, State v. Davis, 95 N.J. Super. 19 (Law Div. 1967), is expressly disapproved." Id. 194 N.J. Super. at 523.
The Compact requires New Jersey to give the same effect to drunk driving convictions "for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle." N.J.S.A. 39:5D-4(a). However, the issue before us concerns sentencing, including the mandatory imposition of a custodial term.
Nevertheless, given this state's strong public policy against drunken driving, see e.g., State v. Kirk, 202 N.J. Super. 28, 56 (App.Div. 1985), and notwithstanding that penal statutes "must be strictly construed against the State", see e.g., State v. Biegenwald, 96 N.J. 630, 640 (1984), we are satisfied that the Legislature intended an out-of-state conviction for an offense *604 equivalent to a violation of N.J.S.A. 39:4-50 to be considered as a prior offense under that statute.
It is clear that the Director of Motor Vehicles has the authority under N.J.S.A. 39:5D-4(a) to suspend defendant's license for the term specified in N.J.S.A. 39:4-50(a) upon consideration of a New York drunk driving conviction. See Division of Motor Vehicles v. Lawrence, 194 N.J. Super. 1, 2-3 (App.Div. 1983). See also Division of Motor Vehicles v. Kleinert, 198 N.J. Super. 363 (App.Div. 1985); Matter of Kovalsky, 195 N.J. Super. 91, 95 (App.Div. 1984). It is illogical to consider defendant as a subsequent offender for administrative purposes only. There is nothing in the legislative history presented to us or in State v. Cromwell to support such an anomaly. Accordingly, defendant's conviction for drunk driving in New York, entered before the present offense occurred, may be considered as a prior violation for purposes of sentencing under N.J.S.A. 39:4-50.

III
Defendant, however, contends that because he was not represented by counsel when he entered his guilty plea in New York, he may not constitutionally be subject to an enhanced penalty based on that conviction. He relies on Baldasar v. Illinois, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980), reh. den. 447 U.S. 930, 100 S.Ct. 3030, 65 L.Ed.2d 1125 (1980).
In Baldasar the United States Supreme Court considered whether an uncounselled misdemeanor conviction "may be used under an enhanced penalty statute to convert a subsequent misdemeanor into a felony with a prison term," 446 U.S. at 222, 100 S.Ct. at 1585, and held that the enhanced sentencing was impermissible where defendant was unrepresented at the time of the prior conviction.[2]
*605 In State v. Sweeney, 190 N.J. Super. 516 (App.Div. 1983), this court considered whether Baldasar prevented the use of defendants' prior uncounselled convictions for driving while intoxicated for purposes of sentencing them as second offenders. Both defendants were sentenced as second offenders in municipal court, but the sentences did not include custodial terms. The court held: "Neither defendant was sentenced to imprisonment and, therefore, the federal Constitution does not bar the use of a prior conviction for driving under the influence for the purpose of imposing an enhanced noncustodial sentence upon a second conviction for driving under the influence." Id. at 521. The court distinguished Baldasar on the ground that there the defendant received a substantial prison term. Id. at 521-523. The court recognized that under New Jersey law defendants were entitled to counsel upon their previous convictions for driving while intoxicated. Id. at 524-525. See Rodriguez v. Rosenblatt, et al., 58 N.J. 281, 295 (1971). See also State v. Garcia, 186 N.J. Super. 386 (Law Div. 1982). However, the Sweeney court further stated:
While it is appropriate to require the State to prove a prior conviction if it seeks second offender penalties under N.J.S.A. 39:4-50, [State v.] Bowman stands for the proposition that if a defendant wishes to challenge the use of a prior motor vehicle law conviction for enhanced sentencing purposes under a motor vehicle statute, he has the burden of demonstrating that the conviction is invalid for sentencing purposes. A defendant, in such circumstances, is in a better position to provide the court with information surrounding the prior convictions. [190 N.J. Super. at 526.]
In State v. Bowman, 131 N.J. Super. 209 (Cty.Ct. 1974), aff'd 135 N.J. Super. 210 (App.Div. 1975), this court, in affirming *606 defendant's sentence as a second offender to a 90-day jail term for violating N.J.S.A. 39:6B-2, had rejected defendant's argument that the State failed to prove that he knowingly waived his right to counsel when he pleaded guilty to his first offense. The court stated: "The certification by the judge of that court, submitted following an order enlarging the appellate record, clearly shows that defendant was advised of his right to counsel and knowingly waived it before he pleaded guilty." Id. at 211. Moreover, since Bowman was decided, Baldasar made clear that defendant has the burden, for sentence purposes, of proving that the prior conviction was entered without the assistance of counsel and that defendant was indigent and did not waive the assistance of an attorney. See Baldasar v. Illinois, supra, 446 U.S. at 229, 100 S.Ct. at 1588, 64 L.Ed.2d at 175 (Marshall, J. concurring at ftn. 3); State v. Garcia, supra, 186 N.J. Super. at 389 (ftn. 4). Here, the record is clear that defendant is now represented by private counsel and, particularly given the reasons expressed on the denial of defendant's motion to vacate the New York conviction, we cannot presume that he could not afford counsel or did not waive his right to retain counsel there.

IV
Defendant contends that because he was sentenced in New York as a first offender, notwithstanding a previous New Jersey conviction, that error estops the State from now seeking to sentence him as a third offender. Defendant relies on State v. Decher, 196 N.J. Super. 157 (Law Div. 1984), in which the Law Division held that because defendant was considered a first offender upon being sentenced for what was actually his second offense, the State could not now sentence him as a third offender.
We have concluded that the issue need not be addressed because the plea must be vacated on other grounds. At oral argument we pursued exactly what was said at the time of plea *607 which gave rise to the assertion of "reliance." We questioned counsel about the advice given defendant as to his maximum exposure which would relate to the assertion under review.
Subsequent to oral argument, the parties supplied us with a copy of the plea transcript, and we note the following colloquy containing the only exchange between the court and defendant relating to the guilty plea for violating N.J.S.A. 39:4-50:
THE COURT: Mr. Regan, you've heard the representation of your attorney that you intend to enter a plea of guilty to summons #27538 which charges you with driving under the influence of alcohol, violation of NJ39:4-50, did you not?
MR. REGAN: Yes sir.
THE COURT: Do you concur that you wish to plead guilty?
MR. REGAN: Yes sir.
THE COURT: I'll accept your plea of guilty. I'll postpone sentencing for one month so that defense counsel can ascertain the nature and extent of the defendant's driving record.
MR. REGAN: Yes sir.
If defendant was facing a mandatory custodial term, he had to be so advised. Cf. State v. Kovack, 91 N.J. 476 (1982). Moreover, here there was no questioning directed to the maximum exposure much less to any mandated imprisonment. See and compare R. 7:4-2(b); R. 7:6-7. If the matter had been properly developed, the issue of estoppel would have been avoided. In any event, the record reflects that defendant was told nothing about the sentence maximum or mandatory sentence for third offenders. In fact, sentencing was adjourned to await the driving record. It did not appear to the parties at that time that a mandatory sentence was required. Accordingly, defendant's plea leading to a custodial sentence cannot be deemed voluntary, knowing and intelligent. Cf. State v. Kovack, supra; State v. Womack, 206 N.J. Super. 564 (App.Div. 1985); State v. Smith, 109 N.J. Super. 9 (App.Div. 1970), certif. den. 56 N.J. 473 (1970). Thus, he cannot be subjected to the mandatory penalties for a third offender.

V
Under the circumstances, the plea of guilty to drunk driving is vacated, and the matter is remanded to the Haledon Municipal *608 Court. If defendant is convicted of the charge upon appropriate consideration of the matter, he shall be treated as a third offender.
NOTES
[1] While defendant appeals his simultaneous conviction for refusal to take a breathalyzer examination, see N.J.S.A. 39:4-50.2, -50.4a, no issue is addressed to that conviction. We therefore do not address the subject and dismiss the appeal from that conviction.
[2] "There was no majority opinion in Baldasar. However, Justice Marshall, joined by two members of the court, thought it `plain that petitioners' prior uncounselled misdemeanor conviction could not be used collaterally to impose a term of imprisonment upon a subsequent conviction.' 446 U.S. at 226, 100 S.Ct. at 1587, 64 L.Ed.2d at 173-74. The same two justices who joined Justice Marshall also concurred with Justice Stewart's conclusion that Baldasar could not be `sentenced to an increased term of imprisonment only because he had been convicted in a previous prosecution in which he had not had the assistance of appointed counsel in his defense.' 446 U.S. at 224, 100 S.Ct. at 1586, 64 L.Ed.2d at 173 (emphasis in original). Justice Blackmun concurred separately." [State v. Garcia, 186 N.J. Super. 386, 388-399 (Law Div. 1982).]