**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3587-19

CHRISTOPHER DIGIOIA,

    Petitioner-Appellant,

v.

NEW JERSEY MOTOR
VEHICLE COMMISSION,

    Respondent-Respondent.

_____

Submitted March 16, 2021 – Decided March 30, 2021

Before Judges Haas and Natali.

On appeal from the New Jersey Motor Vehicle Commission.

Bio & Laracca, PC, attorneys for appellant (Sebastian M. Bio, of counsel and on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Jennifer R. Jaremback, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Christopher DiGioia appeals from a final determination of the New Jersey Motor Vehicle Commission (Commission) that denied his request for an administrative hearing and upheld the two-year suspension of his driving privileges. We affirm.

On March 2, 2017, appellant was convicted in New Jersey of driving under the influence of alcohol contrary to N.J.S.A. 39:4-50. He was similarly convicted on October 9, 2019 in New York, which the New York authorities characterized as a first-time offense. New York notified New Jersey of appellant's conviction consistent with the Interstate Driver License Compact, N.J.S.A. 39:5D-1 to -14 (Compact).

The Commission issued a scheduled suspension notice to appellant indicating its intention to suspend his driving privileges for two years under N.J.S.A. 39:5D-4, N.J.S.A. 39:5-30, and N.J.A.C. 13:19-11.1. Appellant requested a hearing to challenge the proposed suspension, and relying on State v. Davis, 95 N.J. Super. 19 (Law Div. 1967), contended that N.J.S.A. 39:4-50 does not expressly permit the Commission to consider an out-of-state conviction as a predicate act for enhanced penalties. He also argued that it was improper to consider his New York conviction as a second offense when determining the

extent of his suspension, as New York convicted him as a first-time offender, which New Jersey was obligated to recognize under the Compact.

The Commission rejected appellant's arguments, and, in a May 4, 2020, Final Agency Decision issued an Order of Suspension. In that decision, the Commission's Chief Administrator first denied appellant's request for a hearing as there were no disputed facts regarding his New York conviction. Instead, the Chief Administrator explained that appellant sought only consideration of the specific "mitigating circumstance[]" that the Commission consider him a first-time offender consistent with New York's characterization of his offense. The Chief Administrator disagreed and explained that under the Compact, N.J.S.A. 39:5D-4, and N.J.A.C. 13:19-11.1, out of state convictions are considered as if the offenses occurred in New Jersey and accordingly suspended appellant's driving privileges for two years. This appeal followed.

Appellant raises the following single point for our review, which incorporates and reprises the same arguments he raised before the Commission:

> THE [COMMISSION'S] CONCLUSION THAT [APPELLANT'S] LICENSE MUST BE SUSPENDED FOR 730 DAYS IS UNREASONABLE AND NOT LEGALLY GROUNDED IN LIGHT OF ALL THE EVIDENCE UPON WHICH IT IS FOUNDED.

We have carefully considered appellant's contentions and conclude that they are clearly without merit.  R. 2:11-3(e)(2).  We provide the following comments to amplify our decision.

Our scope of review of an agency decision is limited.  In re Taylor, 158 N.J. 644, 656 (1999).  "[A]n appellate court ordinarily should not disturb an administrative agency's determinations or findings unless there is a clear showing that (1) the agency did not follow the law; (2) the decision was arbitrary, capricious, or unreasonable; or (3) the decision was not supported by substantial evidence."  In re Virtua-West Jersey Hosp., 194 N.J. 413, 422 (2008); Brady v. Bd. of Review, 152 N.J. 197, 210-11 (1997).  We also must determine "whether in applying legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors."  In re Hermann, 192 N.J. 19, 28 (2007) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)).

The Compact provides for cooperation among states in reporting driving offenses and disciplining licensees.  The underlying policy of the Compact, "is to encourage the reciprocal recognition of motor vehicle violations that occurred in other jurisdictions, thereby increasing the probability that safety on highways

would improve overall." State v. Colley, 397 N.J. Super. 214, 219 (App. Div. 2007).

When the Commission receives a report of a licensee's conviction for "[d]riving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug," the statute mandates the agency "shall give the same effect to the conduct reported, . . . as it would if such conduct had occurred in the home State," and contemplates the agency may impose either the penalty of New Jersey or the penalty required by the state of conviction. N.J.S.A. 39:5D-4(a)(2); see also N.J. Div. of Motor Vehicles v. Egan, 103 N.J. 350, 355-56 (1986) (under both N.J.S.A. 39:5-30.1 and N.J.S.A. 39:5D-4, the Commission may impose either the penalty of New Jersey or that of the state where the offense occurred).

First, we agree with the Commission that appellant presented no disputed issues of material fact requiring a hearing. N.J.A.C. 13:19-1.2(d). Moreover, he provided no legal basis to set aside the Commission's decision to impose a suspension of his driving privileges, authorized by N.J.S.A. 39:5D-4 and N.J.S.A. 39:4-50, and supported by the undisputed evidence in the record. Failure to do so obviated the need for an evidentiary hearing. N.J.A.C. 13:19-1.2(e); Frank v. Ivy Club, 120 N.J. 73, 98 (1990).

Second, the Commission's decision to impose a two-year suspension as a result of appellant's multiple convictions for driving under the influence of alcohol was neither arbitrary nor capricious. Indeed, it is undisputed that appellant's conduct in New York in operating a motor vehicle while impaired is a similar offense under New Jersey's driving under the influence statute, N.J.S.A. 39:4-50(a), just as it was in New York. See also N.J.A.C. 13:19-11.1(a). In such circumstances, defendant's suspension is explicitly authorized by N.J.S.A. 39:5D-4(a)(2) which provides that a conviction for operating a motor vehicle while under the influence of alcohol is to be given the same effect as "if such conduct had occurred in the home state". See also N.J. Div. of Motor Vehicles v. Pepe, 379 N.J. Super. 411, 419 (App. Div. 2005) (A New Jersey licensed driver who drives while impaired in a Compact party state violates the sovereignty of New Jersey). Thus, appellant's mandatory suspension was fully supported by applicable law and enforces and effectuates strong public policy set forth by the Legislature.

We reject appellant's reliance on Davis. There, defendant was convicted of violating N.J.S.A 39:4-50 in New Jersey and was convicted of a similar offense in Pennsylvania four years earlier. Davis, 95 N.J. Super. at 20. Defendant argued that as he had no previous offenses in New Jersey he should

6

be considered a first-time offender. Ibid. The court agreed and reasoned that N.J.S.A. 39:4-50 did not expressly state that a "previous violation may be one committed outside this State, or that a subsequent violation in this State may be predicated on a prior conviction in another jurisdiction." Id. at 23 (quotations omitted). The court therefore held that a "conviction under the laws of another State can have no effect by way of penalty beyond the limits of the State in which the judgment is rendered." Id. at 23-24 (citations omitted).

The reasoning of the Davis court was rejected in State v. Regan, 209 N.J. Super. 596 (App. Div. 1986). In Regan, defendant maintained his prior New York conviction for driving under the influence should not be considered as a predicate offense for purposes of treating him as a third-time offender as he had only one conviction for the same offense in New Jersey. 209 N.J. Super. at 598-99.

The court rejected defendant's arguments and stated that defendant's out of state conviction was properly considered a prior offense for both criminal sentencing and administrative penalties. Id. at 604. The court held that the Commission clearly had the authority to suspend defendant's driving privileges in light of his New York conviction and it would be "illogical to consider defendant as a subsequent offender for administrative purposes only." Ibid.; see

7                                                          A-3587-19

also State v. Luzhak, 445 N.J. Super. 241, 244 (App. Div. 2016) ("enhanced penalties pursuant to N.J.S.A. 39:4-50 or N.J.S.A. 39:3-40 may be triggered by a DWI conviction from another state."); State v. Cromwell, 194 N.J. Super. 519, 522-23 (App. Div. 1984) (expressly rejecting Davis and concluding that "defendant was subjected to the mandatory license suspension of N.J.S.A. 39:4-50 following his New York drunk driving conviction").

Additionally, in 1997, the Legislature amended N.J.S.A. 39:4-50(a)(3) to provide that a conviction of a similar driving under the influence charge in another jurisdiction is considered a prior conviction, even with respect to those states who do not participate in the Compact. N.J.S.A. 39:4-50(a)(3) provides:

> A conviction of a violation of law of a substantially similar nature in another jurisdiction, regardless of whether that jurisdiction is a signatory to the [Compact] . . . shall constitute a prior conviction . . . unless the defendant can demonstrate by clear and convincing evidence that the conviction in the other jurisdiction was based exclusively upon a violation of a proscribed blood alcohol concentration of less than 0.08%.

Finally, we reject appellant's claim that because New York considered him a first-time offender, New Jersey was bound to accept that characterization when assessing his license suspension. The Compact simply requires that New Jersey consider appellant's New York conviction as if the offense occurred in New Jersey, which the Commission indisputably did. Nothing in the language of the

Compact required the Commission to ignore defendant's 2017 New Jersey conviction.

In sum, the Commission appropriately considered defendant's New York driving conviction and its resulting imposition of a two-year driving suspension was not an abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3587-19