C. Benn Forsyth, J.
A motion has been made to dismiss charges of driving while intoxicated upon the grounds section 1192 of the Vehicle and Traffic Law is unconstitutional. The basis of the argument is that there is no difference between subdivisions 1 and 3 in legal definition. The defendant relies upon the case of People v LaPlante (81 Misc 2d 34) in which a local Criminal Court held the section unconstitutional. This court cannot agree with the holding in the LaPlante case.
The Legislature, in section 1192 of the Vehicle and Traffic Law, established three offenses. Subdivision 2, dealing with percentage of alcohol in the blood, has no relevancy to this case. Subsection 1 prohibits operation of a vehicle while "ability to operate such vehicle is impaired by the consumption of alcohol”. Subsection 3 prohibits operation while the *119 driver "is in an intoxicated condition”. The Court of Appeals in People vs. Farmer (36 NY2d 386) held that subsection 1 was a lesser degree of subsection 3. Thus, it determined that operating while "impaired” was a lesser form of operating while "intoxicated”.
"Intoxicated”, for the purpose of the Vehicle and Traffic Law, has no exact statutory definition. In 1919 the Appellate Division in People vs. Weaver (188 AD 395; 401) defined it as implying "undue or abnormal excitation of the passions or feelings or the impairment of the capacity to think and act correctly and efficiently, and suggests the loss of normal control over one’s faculties”. The court also approved the definition (page 401) that "intoxicated” means the imbibing in enough liquor "to render him incapable of giving that attention and care to the operation of his automobile that a man of prudence and reasonable diligence would give”. These definitions related to Section 290 of the Highway Law, which at that time only prohibited driving while intoxicated.
Since the decision in that case, the Legislature in 1960 saw fit to subdivide this law into the two divisions above described. The Court of Appeals has told us the use of the word "impaired” intended a lesser degree of criminal culpability than the word "intoxicated”.
It is interesting to note that the word "intoxicated” is now defined by Webster’s Third New International Dictionary as "being under the marked influence of an intoxicant”. "Intoxicate” is defined as "to execute or stupify by alcoholic drinks or narcotics, especially to the point where physical and mental control is markably diminished”. The Legislature, in amending and enacting this law as recently as 1972, is presumed to use words of current, contemporary meaning (McKinney’s Statutes, Section 114). Therefore, this court finds that it was the intention of the Legislature that a person be convicted of driving while intoxicated when it is established that he has consumed enough alcohol so that his physical and mental control are markably diminished; or putting it another way, that his judgment and ability to operate a motor vehicle are adversely affected to a substantial degree.
The word "impaired” as defined by said dictionary is "to make worse or lessen”. It would therefore appear that the Legislature intended that the driving of an automobile after the consumption of sufficient alcohol to lessen or impair physical and mental control to any significant degree, consti *120 tuted a violation of this section. The difference is purely one of degree. If in fact, consumption of alcohol had no significant effect, there would be no criminal violation. If on the other hand, it had an effect to a degree that diminished physical and mental control to a standard less than that that would be exercised by a reasonably prudent driver, the driver’s ability would be impaired in violation of subsection 1. If loss of control was sufficient to cause a markable or high degree of loss of control, it would be a violation of section 3.
Normally all presumptions are in favor of constitutionality (McKinney’s Cons Laws of N.Y., Book 2, Constitution, § 41). Local criminal courts should be limited in their determinations of unconstitutionality. (Smith v. Schanbel 61 Misc 2d 628).
The court finds section 1192 of the Vehicle and Traffic Law constitutional and denies the defendant’s application.