194 N.J. Super. 1 (1983)
475 A.2d 1265
DIVISION OF MOTOR VEHICLES, PLAINTIFF-RESPONDENT,
v.
HAL A. LAWRENCE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 9, 1983.
Decided December 9, 1983.
*2 Before Judges MICHELS and KING.
Richard S. Hanlon argued the cause on behalf of appellant.
George P. Cook, Deputy Attorney General, argued the cause on behalf of respondent (Irwin I. Kimmelman, Attorney General, attorney; James J. Ciancia, Assistant Attorney General, of counsel).
The opinion of the court was delivered by KING, J.A.D.
This appeal is taken from an order of the Director of the Division of Motor Vehicles suspending appellant's New Jersey driving privileges for 60 days and requiring him to attend and complete a program of education and rehabilitation. Appellant had been arrested in December 1981 in New York for driving while under the influence. N.Y. Veh. & Traf. Law § 1192. He thereafter pled guilty to the charge of driving while impaired. Id. § 1192(1). His driving privileges were suspended in New York from May 27 to August 25, 1982.
On September 14, 1982, pursuant to the Interstate Driver License Compact, N.J.S.A. 39:5D-1 et seq., of which both states are signatories, the Director issued a notice of proposed suspension, advising appellant of his decision to suspend Lawrence's driving privileges for six months, effective September 29, 1982. Appellant requested a hearing which was conducted and resulted in a recommendation of a six-month suspension. The Director modified the recommendation and suspended for 60 days.
We reject appellant's contention that New Jersey has no equivalent offense to New York's lesser-included charge of driving while impaired. We conclude that N.J.S.A. 39:4-50(a) *3 and N.Y. Veh. & Traf. Law § 1192(1) are of a "substantially similar nature" as required by the compact, N.J.S.A. 39:5D-4. See also Farrell v. Strelecki, 88 N.J. Super. 221 (App.Div. 1965). Both deal with alcohol-related offenses and are aimed to deter and punish drunk drivers.
The offense of driving while "under the influence of intoxicating liquor" prohibits a "general condition, short of intoxication, as a result of which every motor vehicle operator has to be said to be so affected in judgment as to make it improper for him to drive on the highways." State v. Johnson, 42 N.J. 146, 165 (1964). Our courts have held that:
The expression "under the influence of intoxicating liquor" covers not only all the well-known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors and which tend to deprive him of that clearness of intellect and control of himself which he would otherwise possess.
[State v. Rodgers, 91 N.J.L. 212, 215 (E. & A. 1917)].
See also State v. Tamburro, 68 N.J. 414, 421 (1975).
The related offense of driving while "impaired" has been similarly defined by the courts of New York. In People v. Miller, 83 Misc.2d 118, 373 N.Y.S.2d 312, 314 (Cty.Ct. 1975), the court said
The word "impaired" as defined by said dictionary is "to make worse or lessen." It would therefore appear that the Legislature intended that the driving of an automobile after the consumption of sufficient alcohol to lessen or impair physical and mental control to any significant degree, constituted a violation of this section.

[Emphasis added].
And further in People v. Cruz, 48 N.Y.2d 419, 426-427, 423 N.Y.S.2d 625, 628, 399 N.E.2d 513, 516 (Ct.App. 1979), the Court of Appeals said
In sum the prohibition against driving while the ability to do so is impaired by alcohol (Vehicle and Traffic Law, § 1192, subd. 1) is not a vague and indefinite concept as the defendant contends. It is evident from the statutory language and scheme that the question in each case is whether, by voluntarily consuming alcohol, this particular defendant has actually impaired, to any extent, the physical and mental abilities which he is expected to possess in order to operate a vehicle as a reasonable and prudent driver.
These judicial interpretations from both jurisdictions clearly support the substantial similarity of these two statutes.
*4 Appellant's reliance on statutory presumptions is misplaced. N.J.S.A. 39:4-50.1(2). Even if appellant's blood level was less than .10%, he could still be found guilty under the New Jersey statute. A level of .05% to .10% simply establishes no presumption but is nevertheless competent evidence of guilt. Ibid. We note that appellant's actual blood alcohol level is not in the record before us.
We also reject appellant's contention of prejudicial delay. See In re Garber, 141 N.J. Super. 87, certif. den., 71 N.J. 494 (1976). See also In re Kallen, 92 N.J. 14, 26-27 (1983).
Affirmed.