835 A.2d 1252 (2003)
364 N.J. Super. 343
NEW JERSEY DIVISION OF MOTOR VEHICLES, Petitioner-Respondent,
v.
Paul D. RIPLEY, Respondent-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued October 1, 2003.
Decided November 26, 2003.
*1253 Bernard H. Shihar, Metuchen, argued the cause for appellant (Convery, Convery & Shihar, attorneys; Mr. Shihar, on the brief).
Emily H. Armstrong, Deputy Attorney General, argued the cause for respondent (Peter C. Harvey, Attorney General of New Jersey, attorney; Patrick DeAlmeida, Deputy Attorney General, of counsel; Sue Kleinberg, Deputy Attorney General, on the brief).
Before Judges KING, LINTNER and LISA.
The opinion of the court was delivered by KING, P.J.A.D.
The defendant, Paul D. Ripley (Ripley), appeals a New Jersey Division of Motor Vehicle (DMV) decision of December 16, 2001 suspending his license. Ripley pled guilty in Utah to the charge of alcohol-related reckless driving. Pursuant to the Interstate Driver License Compact (IDLC or Compact), DMV suspended his license for two years.
Ripley contends that the DMV decision should be reversed because DMV wrongly equated New Jersey's DWI statute with Utah's alcohol-related reckless driving statute. DMV may suspend a license under the IDLC for two reasons: (1) the conduct in Utah would constitute the offense of driving under the influence in New Jersey; and (2) the Utah statute for alcohol-related reckless driving is substantially similar to New Jersey's statute for driving under the influence. We find neither reason applicable here and reverse.

I
In Ogden, Utah on November 9, 2000 Ripley was arrested and charged with driving while under the influence of alcohol. Ripley's breathalyzer test allegedly showed a reading of .089%. On July 2, 2001 he entered a guilty plea with the prosecutor's consent to "alcohol-related reckless driving," downgraded from the original charge of driving under the influence of alcohol. He received a jail sentence of ninety days, which was suspended, and a probation term of one year. He also paid *1254 a $1,000 fine and was ordered to attend alcohol counseling in New Jersey.
New Jersey DMV notified Ripley on February 1, 2001, six months before he entered his guilty plea, that it planned to suspend his New Jersey driving privileges on February 27, 2001 for 720 days because of the Utah "conviction." As noted, the IDLC requires New Jersey DMV to treat a conviction in another state for driving under the influence of alcohol as if it occurred in New Jersey.
Ripley's driving privileges in New Jersey had been suspended for driving under the influence on two prior occasions, February 11, 1986 and April 13, 1987, more than ten years earlier. N.J.S.A. 39:4-50(a)(2) provides that DMV may forfeit an offender's license for two years upon a second DWI conviction. DMV treated the Utah conviction as a second offense because of the ten-year lapse. See N.J.S.A. 39:4-50(a)(3).
Ripley promptly requested an administrative hearing. He alleged that the Utah offense does not constitute a cognate offense in New Jersey and his guilty plea did not constitute an appropriate conviction. The Administrative Law Judge rejected his arguments and found that the Utah conviction was substantially similar to New Jersey's statute for driving while intoxicated. She affirmed the suspension of his driving privileges for 720 days. DMV adopted ALJ Celentano's recommendation and then suspended his driving privileges for 720 days, effective December 16, 2001. On December 24, 2002 we stayed the suspension pending appeal.

II
Generally, this court will not disturb a state agency decision unless the decision is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80, 410 A.2d 686, 690 (1980). However, while an appellate court must respect the agency's expertise, the interpretation of a statute is a judicial function and we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93, 312 A.2d 497, 501 (1973).
The Compact requires the New Jersey DMV to suspend a license when the driver is convicted of driving while under the influence of alcohol in another state. Specifically, N.J.S.A. 39:5D-4 provides:
(a) The licensing authority in the home State, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported... as it would if such conduct had occurred in the home State, shall apply the penalties of the home State or of the State in which the violation occurred, in the case of convictions for:
....
(2) Driving a motor vehicle under the influence of intoxicating liquor ... to a degree which renders the driver incapable of safely driving a motor vehicle.
...
(c) If the laws of a party State do not provide for offenses or violations denominated or described in precisely the words employed in subdivision (a) of this article, such party State shall construe the denominations and descriptions appearing in subdivision (a) hereof as being applicable to and identifying those offenses or violations of a substantially similar nature and the laws of such party State shall contain such provisions as may be necessary to ensure that full force and effect is given to this article. [Emphasis added.] *1255 The suspension of a New Jersey driver's license is appropriate where an alcohol-related driving incident occurred in another state under two circumstances: (1) if the conduct in that state constitutes driving under the influence under New Jersey law, see N.J.S.A. 39:5D-4(a); and (2) if the offense the defendant was convicted of in that state is of a substantially similar nature to driving under the influence under New Jersey law, see N.J.S.A. 39:5D-4(c).
If the conduct in Utah constitutes the New Jersey violation of "driving a motor vehicle under the influence of intoxicating liquor," then New Jersey DMV may impose penalties as if the conduct had occurred in New Jersey. In our state the offense of driving while intoxicated occurs when a person "operates a motor vehicle while under the influence of intoxicating liquor ... or operates a motor vehicle with a blood alcohol concentration of 0.10% or more...." N.J.S.A. 39:4-50.
Our Supreme Court has interpreted "under the influence of intoxicating liquor" rather broadly. "The offense of driving while `under the influence of intoxicating liquor' prohibits general conditions, short of intoxication as a result of which every motor vehicle operator has to be said to be so affected in judgment as to make it improper for him to drive on the highways." State v. Johnson, 42 N.J. 146, 165, 199 A.2d 809, 819 (1964); accord State v. Tamburro, 68 N.J. 414, 421, 346 A.2d 401, 404-05 (1975).
The police stopped Ripley after he made an unsignaled turn. He was charged with DWI under the Utah statute based on a BAC reading of .089% and a field sobriety test.
The Utah statute, U.C.A. 41-6-44 provides that:
(2)(a) A person may not operate or be in actual physical control of a vehicle within this state if the person:
(i) has sufficient alcohol in his body that a chemical test given within two hours of the alleged operation or physical control shows that the person has a blood or breath alcohol concentration of .08 grams or greater; or
(ii) is under the influence of alcohol... to a degree that renders the person incapable of safely operating a vehicle.
The Utah offense of driving under the influence was "downgraded" to alcohol-related reckless driving, U.C.A. 41-6-45, pursuant to a plea agreement with the prosecutor. U.C.A. 41-6-45, the relevant reckless driving statute, provides:
(1) A person is guilty of reckless driving who operates a vehicle:
(a) in willful or wanton disregard for the safety of persons or property....
The offense of reckless driving is classified as alcohol-related reckless driving in Utah under certain circumstances:
(9)(a)(i) When the prosecution agrees to a plea of guilty or no contest to a charge of a violation of Section 41-6-45 ... in satisfaction of, or as a substitute for, an original charge of a violation of this section [Section 41-6-44], the prosecution shall state for the record a factual basis for the plea, including whether or not there had been consumption of alcohol, drugs, or a combination of both, by the defendant in connection with the violation.

(ii) The statement is an offer of proof of the facts that shows whether there was consumption of alcohol, drugs, or a combination of both, by the defendant, in connection with the violation.
[U.C.A. 41-6-44] (emphasis added).
We conclude that the offense of alcohol-related reckless driving, for purposes of Ripley's guilty plea to U.C.A. 41-6-45(1)(a), and in the context of U.C.A. XX-X-XX-X(a)(i) *1256 and (ii), is not substantially similar to New Jersey's offense of driving while under the influence. Reckless driving under the Utah statute is similar to our reckless driving statute, N.J.S.A. 39:4-96, which proscribes driving a vehicle "heedlessly, in willful or wanton disregard of the rights or safety of others, in manner so as to endanger ... a person or property."
Where a defendant is initially charged with DWI, a prosecutor in Utah is permitted to downgrade to the alcohol-related reckless charge by providing a factual basis, "including whether or not there had been consumption of alcohol ... in connection with the violation." U.C.A. 41-6-44(9)(a)(i) (emphasis added). The elements of this lesser offense do not include any specific or minimum level of intoxication or blood alcohol, but merely require some consumption of alcohol in connection with the reckless driving. The statutory terms comport with Ripley's position that the consumption of any alcohol would suffice, whether or not it rendered the driver "under the influence" and thus unfit to drive, as defined in our case law. In our view, this is not an equivalent offense to our DWI.
The Director's reliance on Div. of Motor Vehicles v. Lawrence, 194 N.J.Super. 1, 475 A.2d 1265 (App.Div.1983), is unpersuasive. There, we concluded that New York's lesser-included offense of driving while impaired (defendant was initially charged with the greater offense of driving while under the influence) is substantially similar in nature to our DWI. Id. at 3, 475 A.2d at 1265. The statutory provision, as interpreted by the New York courts, defined that lesser offense in substantially the same manner as we have defined our DWI offensedriving an automobile after the consumption of sufficient alcohol to lessen or impair physical and mental control to any significant degree. Ibid.[1] That is not the case with the Utah statute, where the offense of which Ripley was convicted contains no element of impaired driving ability, but simply requires the consumption of alcohol in connection with the violation.
We also observe that the Director acted precipitously here. The notice of the proposed 720-day suspension was issued on February 1, 2001, stating that Ripley had been convicted of operating under the influence in Utah. However, this charge was only pending at that time. The plea agreement occurred and his guilty plea and sentencing on the lesser offense later took place on July 2, 2001.
The Utah reckless driving statute does not require any impairment. Nor does it require that alcohol caused the reckless driving. There is nothing in the guilty plea record which supports a finding that defendant was impaired by the consumption of alcohol. Indeed, there is no transcript of the plea hearing. There is no concession or adjudicatory finding about the accuracy of the Utah BAC test of .089 or the reliability of the field sobriety test. All we have is a guilty plea to Utah's cognate reckless driving statute with an admission, per that statute, that there was consumption of alcohol in connection with the offense. We are also aware of N.J.S.A. 39:4-50(a)(3) which states:
A conviction of a violation of a law of a substantially similar nature in another jurisdiction ... shall constitute a prior conviction under this subsection unless the defendant can demonstrate by clear and convincing evidence that the conviction *1257 in the other jurisdiction was based exclusively upon a violation of a proscribed blood alcohol concentration of less than 0.10%.
This section of our statute demonstrates that our legislature realized the level of blood alcohol was quite significant when considering whether another state's statute was substantially similar. The end result here is that the Utah DWI violationthe substantially similar offense to our DWI statutewas dismissed consequent upon the plea agreement and the guilty plea to a lesser offense.
At the very least, the Utah statutes present us with ambiguity when construed in the context of our statutes and the Compact. In this situation we should not strain to adopt the State's interpretation in this quasi-criminal matter. See State v. Reiner, 363 N.J.Super. 167, 180, 832 A.2d 328, 336 (App.Div.2003); see also State v. Livingston, 172 N.J. 209, 218, 797 A.2d 153, 155-56 (2002); State v. Valentin, 105 N.J. 14, 18, 519 A.2d 322, 324 (1987). We reverse the suspension imposed by the DMV.
Reversed.
NOTES
[1] Similar holdings to our Lawrence decision are McDonald v. Dep't of Motor Vehicles, 77 Cal.App.4th 677, 91 Cal.Rptr.2d 826 (2000); Przybyla v. S.C. Dep't of Highways & Pub. Transp., 313 S.C. 116, 437 S.E.2d 70 (1993); Mills v. Edgar, 178 Ill.App.3d 1054, 128 Ill. Dec. 167, 534 N.E.2d 187 (1989).