936 A.2d 1005

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
LATEEF J. COLLEY, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 29, 2007—Decided December 14, 2007.

Before Judges STERN, A.A. RODRÍGUEZ and C.S. FISHER.

*Breslin, Auty & Preziosi*, attorneys for appellant (*John J. Breslin, III*, on the brief).

*John L. Molinelli, Bergen County Prosecutor*, attorney for respondent (*Yomara Castro, Assistant Prosecutor*, of counsel and on the brief).

The opinion of the court was delivered by

RODRÍGUEZ, A. A., P.J.A.D.

In this opinion, we hold that a prior conviction in another state for conduct equivalent to that proscribed by *N.J.S.A.* 39:4–50 subjects a defendant to the enhanced penalty set by *N.J.S.A.* 39:3–40f(2) upon a subsequent conviction in this state. Defendant, Lateef J. Colley, appeals from his conviction by the Law Division for driving while suspended in violation of *N.J.S.A.* 39:3–40. We affirm.

On June 29, 2005, Port Authority Police Officer Robert Sisserson was on roving patrol of the area surrounding the George Washington Bridge. At approximately 7:15 p.m., Sisserson observed defendant's vehicle, a 2000 Nissan, traveling eastbound on Bruce Reynolds Boulevard in the right-turn-only lane. Rather than making a right turn as required, defendant proceeded straight through the intersection of Lemoine Avenue and Bruce Reynolds Boulevard. Sisserson stopped the Nissan and requested defendant's documentation. Defendant produced a New York State driver's license, indicating that he resides in Staten Island, New York. Upon reviewing defendant's driving credentials in his vehicle's mobile data terminal (MDT), Sisserson learned that defendant's New York license was suspended. As a result, he issued defendant two motor vehicles summonses.[1] In his statement of facts, defendant notes that he objected to the introduction of information obtained through the MDT because it was inadmissible hearsay. However, defendant has not made an issue of the

---

[1] The other summons for failing to observe a traffic signal was dismissed by the municipal court.

admissibility of this evidence on appeal.[2] It was subsequently determined that defendant was convicted in New York on March 1, 2005 for driving while impaired. Defendant's license was suspended the same day. Defendant has never challenged the accuracy of his driving abstract.

Defendant appeared at the Fort Lee Municipal Court to answer those charges. At that time, Municipal Court Judge Robert T. Tessaro accepted a proposed plea agreement, whereby the State agreed to dismiss the summons for failure to obey a signal in exchange for defendant pleading guilty to the driving while suspended charge. This agreement, however, was contingent upon the judge accepting the proposition that defendant was not subject to the enhanced penalty provision set by *N.J.S.A.* 39:3–40, which calls for the enhancement where the basis of the suspension was a violation of *N.J.S.A.* 39:4–50.

Judge Tessaro reserved his decision on this issue. Subsequently, Judge Tessaro advised counsel in writing that, after exhaustively researching the issue, it was his opinion that the enhanced penalties outlined in *N.J.S.A.* 39:3–40 were mandatory and applied to defendant's conviction.

Defendant moved for reconsideration or, in the alternative, to withdraw his guilty plea. Judge Tessaro denied reconsideration and the matter was tried upon defendant's withdrawal of his guilty plea. At the conclusion of the trial, defendant was found guilty of violating *N.J.S.A.* 39:3–40. The judge imposed a $500 fine; $33 in court costs; a $6 surcharge; a ten-day jail term to be served in the Sheriff's Labor Assistance Program; and a one-year driving privilege suspension in the State of New Jersey.

Defendant appealed to the Law Division. Judge Harry G. Carroll held a trial de novo. Judge Carroll found defendant guilty and imposed the same penalties as the municipal court. The sentence was stayed pending appeal.

---

[2] *See State v. Donis,* 157 *N.J.* 44, 54, 723 A.2d 35 (1998) (permitting the use of MDTs by law enforcement to obtain information regarding a driver's status).

On appeal, defendant contends that Judge Carroll "erred in the interpretation of the provisions of [*N.J.S.A.*] 39:3–40." Defendant further contends that it was error to accept into evidence "a document without a proper foundation." We disagree and affirm.

 Defendant argues that his conviction in New York for driving while impaired does not subject him to enhanced penalties pursuant to *N.J.S.A.* 39:3–40 because the prior conviction was not for a violation of *N.J.S.A.* 39:4–50. Specifically, defendant contends that a literal reading of *N.J.S.A.* 39:3–40 requires a conviction of *N.J.S.A.* 39:4–50 in this state in order to trigger the assessment of the enhanced penalty. Additionally, defendant asserts that the enhanced penalties do not apply because he is not the holder of a New Jersey driver's license. We reject these contentions.

 Pursuant to *N.J.S.A.* 39:3–40, "[n]o person ... whose driver's license or reciprocity privilege has been suspended or revoked ... shall personally operate a motor vehicle during the period of refusal, suspension, revocation or prohibition." This section is extended to nonresident drivers whose privilege to drive has been automatically suspended by virtue of *N.J.S.A.* 39:3–17, as a result of the revocation of their foreign license. *State v. Profita,* 183 *N.J.Super.* 425, 428–29, 444 A.2d 70 (App.Div.1982).

Here, the proofs show that as of March 1, 2005, defendant's license in New York was revoked. Thus, defendant was operating a motor vehicle in Fort Lee on June 29, 2005, in violation of *N.J.S.A.* 39:3–40.

 The next step is to analyze whether the enhanced penalties mandated by that statute should apply. According to *N.J.S.A.* 39:3–40, a person violating this section shall be subject to the following enhanced penalty:

Notwithstanding the provisions of subsection a. through e. of this section and paragraph (1) of this subsection, any person violating this section under suspension issued pursuant to R.S.39:4–50, ... shall be fined $500, shall have his license to operate a motor vehicle suspended for an additional period of not less than one

year or more than two years, and shall be imprisoned in the county jail for not less than 10 days or more than 90 days.

[*N.J.S.A.* 39:3–40f(2).]

Defendant argues that a literal reading of this statute does not support the imposition of enhanced penalties because he has no prior conviction pursuant to *N.J.S.A.* 39:4–50. However, a review of New Jersey case and statutory law does not support such a strict statutory interpretation.

In *Div. of Motor Vehicles v. Lawrence,* 194 *N.J.Super.* 1, 2–3, 475 *A.*2d 1265 (App.Div.1983), we held that *N.J.S.A.* 39:4–50 and New York's drunk driving statute are of a "substantially similar nature" for purposes of the Interstate Driver License Compact, *N.J.S.A.* 39:5D–1 to –14. In *Lawrence,* we noted that "[b]oth deal with alcohol-related offenses and are aimed to deter and punish drunk drivers." *Id.* at 3, 475 *A.*2d 1265.

In *State v. Cromwell,* 194 *N.J.Super.* 519, 477 *A.*2d 408 (App. Div.1984), we analyzed whether a New York conviction for driving while impaired would subject a New Jersey licensed driver to enhanced penalties under *N.J.S.A.* 39:4–50. We looked to the Interstate Driver License Compact and determined that it required the State of New Jersey to "give the same effect to the conduct reported [by a foreign state] as it would if such conduct had occurred in [New Jersey]." *Id.* at 522, 477 *A.*2d 408 (quoting *N.J.S.A.* 39:5D–4(a)). Hence, we reasoned that it was "entirely consistent with the statutory language and design" to find that a violation of *N.J.S.A.* 39:3–40 and the triggering of the enhancement penalties occurred upon an out-of-state conviction for driving while impaired under a substantially similar statute to *N.J.S.A.* 39:4–50. *Id.* at 522, 477 *A.*2d 408.

Furthermore, in *State v. Regan,* 209 *N.J.Super.* 596, 602–04, 508 *A.*2d 1149 (App.Div.1986), we concluded that the underlying policy goal of the Interstate Driver License Compact, *N.J.S.A.* 39:5D–1 to –14, is to encourage the reciprocal recognition of motor vehicle violations that occurred in other jurisdictions, thereby increasing the probability that safety on highways would improve overall.

Defendant argues that the facts presented in *Cromwell* and *Lawrence* are factually distinguishable because both of those cases involved New Jersey licensed drivers, which he has never been. This argument, however, is not persuasive in light of the fact that these very cases support the proposition that New York convictions for driving while impaired should be treated as the equivalent of a conviction under *N.J.S.A.* 39:4–50 for sentencing purposes. *Lawrence, supra,* 194 *N.J.Super.* at 2–3, 475 *A.*2d 1265; *Cromwell, supra,* 194 *N.J.Super.* at 522, 477 *A.*2d 408.

■ Defendant also argues that, although *N.J.S.A.* 39:3–40 is unambiguous, the rule of lenity requires that any ambiguities be resolved in his favor. We disagree. The rule of lenity is a rule of default. It applies "when extrinsic sources do not resolve satisfactorily the alleged ambiguity." *State v. Fleischman,* 189 *N.J.* 539, 553 n. 4, 917 *A.*2d 722 (2007). Those circumstances are not present here.

■ Defendant contends that a document purporting to be his abstract of driving record from the State of New York should not have been admitted into evidence because it did not satisfy the evidentiary prerequisites for self-authentication pursuant to *N.J.R.E.* 902(b). Specifically, defendant argues that the document did not contain the raised seal of the State of New York, nor was there testimonial foundation that the signature of the signor of the document was affixed in his official capacity or that it was genuine. We reject these contentions.

■ Pursuant to *N.J.R.E.* 902(b), "extrinsic evidence of authenticity as a condition precedent to admissibility is not required" when the document bears a seal from any state. Further, *N.J.R.E.* 902(b)(1) requires that the document bear "a signature purporting to be an attestation or execution."

In *State v. Zalta,* 217 *N.J.Super.* 209, 211, 525 *A.*2d 328 (App. Div.1987), we permitted the introduction of a certified copy of a driver's abstract to sustain a conviction for driving while on the revoked list. Here, the municipal court and the Law Division

admitted into evidence a copy of an electronic abstract of driving record on file with the New York Motor Vehicle Commission documenting actions taken against defendant's license in that state. There is an entry dated March 1, 2005, recording a concurrent conviction and revocation of defendant's New York license for driving while impaired in violation of New York's drunk driving statute. Both courts ruled that the abstract of driving record submitted by the State satisfied the requirements for self-authentication pursuant to *N.J.R.E.* 902(b).

Defendant's contention is that the seal is not "raised," and therefore, is not compliant with the requirements of *N.J.R.E.* 902(b). However, nowhere in the language of *N.J.R.E.* 902(b) does it state that a seal must be "raised" in order to meet the requirements under the rule. Hence, the requirement as outlined in *N.J.R.E.* 902(b), is satisfied by the presence of a large seal in the center backdrop of defendant's abstract of driving record.

Next, defendant argues that the State did not lay a proper foundation before the abstract of driving record was admitted into evidence because the State failed to offer any testimony regarding whether the individual whose signature is on the abstract of driving record had the requisite authority to sign the document. Further, defendant contends that there was no proof offered by the State proving that the signature was genuine.

At the bottom of the abstract of driving record appears the following language:

This is to certify that this document is a true and complete copy of an electronic record on file in the New York State Department of Motor Vehicles, Albany, New York. The record was made in regular course of New York State Department of Motor Vehicles daily business. It is the business of the New York State Department of Motor Vehicles to create and maintain the records of drivers in the state of New York. Entries in this document are made at the time the recorded transactions or events took place or within a reasonable time thereafter. The person who reports the information is under a business duty to do so accurately.

This language is followed by the signature of Renato Denato, Jr., an individual purporting to be the Executive Deputy Commissioner of Motor Vehicles.

As stated above, to satisfy the self-authentication requirements found in *N.J.R.E.* 902(b), a document must bear "a signature purporting to be an attestation or execution." Here, defendant's abstract of driving record does contain a certification at the end of the document verifying that it was executed by the New York State Executive Deputy Commissioner of Motor Vehicles. It is immaterial, therefore, that Sisserson was unable to provide first-hand information regarding how the document was produced or who is charged with handling such production.

We conclude that the admission of defendant's abstract of driving record was not an abuse of the trial court's discretion. *Benevenga v. Digregorio,* 325 *N.J.Super.* 27, 32, 737 *A.*2d 696 (App.Div.1999), *certif. denied,* 163 *N.J.* 79, 747 *A.*2d 287 (2000).

The conviction and sentence are affirmed. Defendant must report to the Law Division no later than January 4, 2008, to serve his sentence.