**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0592-17T1

KEITH HELD,

      Petitioner-Appellant,

v.

NEW JERSEY MOTOR VEHICLE
COMMISSION,

      Respondent-Respondent.

_____

Argued October 1, 2018 – Decided October 24, 2018

Before Judges Sabatino and Mitterhoff.

On appeal from the New Jersey Motor Vehicle Commission.

Kevin G. Roe argued the cause for the appellant.

Jennifer R. Jaremback, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Jennifer R. Jaremback, on the brief).

PER CURIAM

Keith Held appeals from a final decision of the New Jersey Motor Vehicle Commission ("MVC") suspending his driver's license for ten years after he pled guilty to driving while impaired by alcohol, in violation of Md. Code Ann. Transp. § 21-902(b)(1). At the time appellant pled guilty to this Maryland offense, appellant had three previous convictions for driving while intoxicated ("DWI") in New Jersey, in violation of N.J.S.A. 39:4-50(a). For the reasons that follow, we remand this case to the MVC to supplement the factual record as to whether appellant's Maryland infraction is substantially similar to an offense under N.J.S.A. 39:4-50(a).

Appellant has been convicted of offenses stemming from four incidents involving driving while under the influence. He first pled guilty to a DWI offense on July 25, 1991 for an incident that occurred on April 14, 1991 in Bergenfield, New Jersey. On November 17, 1994, he pled guilty to his second DWI offense, which occurred on May 19, 1994 in Emerson, New Jersey. On June 13, 2013, he pled guilty to DWI and refusal to submit to a breathalyzer test, both of which arose out of an incident on April 7, 2012 in Hackensack, New Jersey.[1] On February 15, 2017, appellant pled guilty to driving while impaired

---

[1] This third DWI offense was treated as the appellant's second offense pursuant to the "step down" provision in N.J.S.A. 39:4-50(a)(3), which permits a third

by alcohol in Maryland for an incident that occurred on September 16, 2016. Notably, the record on appeal does not contain any indication of the facts and circumstances underlying this Maryland offense.

On March 15, 2017, the MVC sent notice to appellant proposing to suspend appellant's driving privileges for ten years under N.J.S.A. 39:5-50(a)(3) as a result of his Maryland conviction. By letter dated March 28, 2017, appellant requested a hearing and stay of the scheduled suspension pending the disposition of the hearing. He indicated that the period of the suspension was excessive based upon "numerous factual and legal issues, including the equivalency of the out-of-state charge to the law of New Jersey and the time period which has elapsed since his prior conviction."

On August 25, 2017, the MVC issued a final agency decision, denying appellant's request for a hearing and ordering the imposition of the ten-year suspension. In the final agency decision, the MVC found that Md. Code Ann. Transp. § 21-902(b)(1) was substantially similar to N.J.S.A. 39:4-50(a) for the

---

conviction to be treated as a second offense for sentencing purposes if the third offense occurs more than ten years after the second offense.

A-0592-17T1

purpose of a license suspension under the Interstate Driver License Compact. Appellant appealed the final agency decision.[2]

On appeal, appellant argues that his conviction under Md. Code Ann. Transp. § 21-902(b)(1) is not substantially similar to a conviction under N.J.S.A. 39:4-50(a). More specifically, he argues that the Md. Code Ann. Transp. § 21-902(b)(1) allows for a conviction with a lower level of impairment than required to sustain a conviction under N.J.S.A. 39:4-50(a). Appellant additionally contends he was entitled to an evidentiary hearing before the MVC to address this issue.

In general, we will uphold a final agency decision "unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." In re Hermann, 192 N.J. 19, 27-28 (2007) (citation omitted). "However, while an appellate court must respect the agency's expertise, the interpretation of a statute is a judicial function and we are 'in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue.'" New Jersey Div. of Motor Vehicles v. Ripley, 364 N.J. Super. 343, 348 (App. Div. 2003) (quoting Mayflower Sec. Co. v. Bureau of

---

[2] Appellant requested that the MVC stay his suspension pending the disposition of this appeal. The MVC denied this request.

Sec., 64 N.J. 85, 93 (1973)). Thus, because appellant's arguments primarily address the legal issue of whether the Maryland and New Jersey offenses are substantially similar, our standard of review is plenary. See State v. Zeikel, 423 N.J. Super. 34, 41 (App. Div. 2011).

New Jersey and Maryland are both signatories of the Interstate Driver License Compact, N.J.S.A. 39:5D-1 to -14, which is an interstate agreement by which each participating state agrees to treat an out-of-state conviction for driving while intoxicated (or driving under the influence) as if the conviction had occurred within its own jurisdiction, as long as the out-of-state conviction was "of a substantially similar nature" as the home state's law. N.J.S.A. 39:5D-4(a)(2) and (c). We have held that New York's "driving while ability impaired" offense is substantially similar to a New Jersey's DWI offense, reasoning "[l]ike New Jersey, New York defines impairment broadly to include any degree of impairment of a person's physical or mental abilities to operate a motor vehicle." Zeikel, 423 N.J. Super. at 48 (citations omitted). By contrast, we held that the Utah offense of "alcohol-related reckless driving" was not substantially similar to New Jersey's DWI offense, because the Utah statute "does not require any impairment . . . [or] that alcohol caused the reckless driving." Ripley, 364 N.J. Super. at 350.

We first turn to the text of the two statutes at issue in this case. New Jersey's DWI statute establishes a single offense that can be proven by two different evidential methods: "per se" or observational. See State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003). A "per se" DWI offense requires proof that a defendant "operat[ed] a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood." N.J.S.A. 39:4-50(a); see also State v. Campbell, 436 N.J. Super. 264, 268-69 (App. Div. 2014). Relevant to this appeal, an observational DWI offense requires proof that a defendant "operate[d] a motor vehicle while under the influence of intoxicating liquor." N.J.S.A. 39:4-50(a). An observational DWI offense does not require evidence of a defendant's blood alcohol content and may be established by an "arresting officer's independent observations of [a defendant's] apparent intoxication." State v. Kent, 391 N.J. Super. 352, 383-84 (App. Div. 2007) (affirming DWI conviction where defendant caused a single car accident and officer observed that defendant's eyes were watery and bloodshot and that defendant stumbled and slurred his words).

In contrast, Maryland's statute establishes three separate and distinct offenses related to driving while under the influence of alcohol. See Turner v. State, 956 A.2d 820, 828 (Md. Ct. Sp. App. 2008). Md. Code Ann. Transp. §

21-902(a)(1) prohibits a person from driving "while under the influence of alcohol, Md. Code Ann. Transp. § 21-902(a)(2) prohibits an individual from driving while "under the influence of alcohol per se," and Md. Code Ann. Transp. § 21-902(b)(1) prohibits a person from driving "while impaired by alcohol." Relevant to this appeal, Maryland's designated pattern jury instructions indicate that "driving 'while impaired' requires that the alcohol that the person has consumed 'has impaired normal coordination to some extent.'" See Turner, 956 A.2d at 828 (emphasis added) (quoting pattern instructions). Additionally, in construing a previous iteration of Maryland's drunk driving statute, Maryland courts defined the term "impaired by alcohol" as "a state less than intoxication where consumption of alcohol has affected one's normal coordination." Brooks v. State, 395 A.2d 1224, 1227 (Md. Ct. Spec. App. 1979) (emphasis added). Maryland courts do not require evidence of a defendant's blood alcohol content for a conviction of "driving while impaired" and allow for a conviction based on observational evidence. See id. at 1228 (upholding conviction where officer's "uncontradicted testimony provided ample evidence of behavior indicative of high alcohol consumption").

Turning to the record before us, we are unable to determine whether appellant's conviction under driving while impaired by alcohol under Md. Code

Ann. Transp. § 21-902(b)(1) is substantially similar to an observational DWI offense under N.J.S.A. 39:4-50. Our analysis is inhibited by the limited factual record before us, which does not contain an arrest report, plea transcript, or any other evidence of the circumstances underlying appellant's Maryland offense. See Ripley, 364 N.J. Super. at 350 ("There is nothing in the guilty plea record which supports a finding that defendant was impaired by the consumption of alcohol. Indeed, there is no transcript of the plea hearing.").[3] Without such a factual record, we are unable to foreclose the possibility that appellant's conduct in Maryland would be insufficient to sustain a conviction under N.J.S.A. 39:4-50. At the very least, the differing structures of the two states' statutes, as well as the limited number of Maryland cases interpreting Md. Code Ann. Transp. § 21-902(b)(1), present us with ambiguity in determining whether the offenses at issue are substantially similar. See Ripley, 364 N.J. Super. at 350 ("[T]he Utah statutes present us with ambiguity when construed in the context of our statutes

---

[3] The record also does not reveal whether appellant entered into a plea agreement, but it should be noted that appellant received only a suspended sixty-day jail sentence for this offense. Plea bargains are not permitted in New Jersey for DWI cases. See Guidelines for Operation of Plea Agreements in the Municipal Courts of New Jersey, Pressler & Verniero, Current N.J. Court Rules, App. to Pt. VII, Guideline 4 (2019) ("No plea agreements whatsoever will be allowed in drunken driving . . . offenses."). We do not know on this record whether they are permitted in Maryland.

and the Compact.  In this situation we should not strain to adopt the State's interpretation in this quasi-criminal matter.").  On the particular facts of this case, we are reluctant to uphold a stringent penalty without a more detailed record that supports the MVC's determination.

We remand this case to the MVC to supplement the record with evidence of the circumstances underlying appellant's Maryland offense.  R. 2:5-5(b).[4] This evidence should be probative of whether appellant exhibited a level of impairment that is substantially similar to that required for a conviction under N.J.S.A 39:4-50(a).  Without such evidence, we conclude that the MVC's imposition of the ten-year suspension on appellant lacks "fair support in the record."  Hermann, 192 N.J. at 27-28.  We do not require the MVC to hold an evidentiary hearing on remand, but the MVC should allow appellant to submit documentary evidence and argument related to the circumstances of his Maryland conviction.  The suspension of appellant's driving privileges shall remain in effect pending the disposition of this appeal.

---

[4] In ordering this remand, we are not suggesting that the MVC needs a police report or a detailed factual record in every matter involving a disposition from another state to ascertain whether an offense is substantially similar to a New Jersey DWI offense.  Our decision to have the factual record developed more fully in this particular matter is based on the distinctive wording of the Maryland impairment statute, as it has been interpreted under Maryland case law.

9

Remanded. We retain jurisdiction. The remand shall be completed by December 17, 2018. If necessary, the MVC may request a reasonable time extension by letter to the clerk of this court.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0592-17T1